IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDERA DWAYNE HOMER, #1008346, § | | |
| AKA Andre Homer, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | 3:10-CV-2549-M (BK) | |
| § | | |
| STATE OF TEXAS, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case was referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, a pretrial detainee at the Dallas County Jail, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Court did not issue process pending preliminary screening, but issued a questionnaire to Petitioner to obtain information about the factual basis of his petition. Petitioner answered the questionnaire and paid the $5 filing fee on January 14, 2011.

Petitioner is presently confined under a July 2010 grand jury indictment, charging him with unlawful possession of a weapon by felon. *See State v. Homer*, No. F10-56758. He is represented by court appointed counsel and his criminal case is currently pending before the Criminal District Court Number Two of Dallas County. In November 2010, after his bond was increased to $100,000, Petitioner was re-incarcerated due to insufficient bond.

Petitioner filed this habeas corpus petition complaining of illegal pretrial detention, criminal conspiracy under 18 U.S.C. §§ 241 and 242, and violation of his civil rights in connection with his criminal prosecution. (Doc. 1 at 2, 9-10.) Petitioner stated that he "cannot exercise or enjoy []or enforce his . . . rights in state court due to the color of his skin and national origin." (*Id.* at 10.) He, thus, requested the "removal of the state cause of action . . . to Federal Court" because "justice cannot be served equally due to his nationality being that of a Native American of Cherokee lineage and the color of his skin . . . [is] black." (*Id.*)[1]

## II. ANALYSIS

A. <u>Removal of State Criminal Prosecution</u>

In light of Petitioner's *pro se* status, the Court liberally interprets the petition to seek removal of the pending state criminal prosecution to federal court. The federal removal statute authorizes the removal of a pending state criminal prosecution:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.[2]

---

[1] The Court previously severed any claims alleging civil rights violations stemming from Petitioner's alleged false arrest and imprisonment, denial of *Miranda* warnings, and re-imprisonment due to an insufficient bond. *See Homer v. Unidentified Officers*, 3:10-CV-2588-M(BK) (N.D. Tex.). However, because Plaintiff failed to file a proper complaint, the Court has recommended that the civil rights case be dismissed without prejudice for want of prosecution. *Id.*

[2] Petitioner cannot seek removal under subsection 1443(2), which is "limited to federal officers and those authorized to act for them or under them." *Varney v. State*, 446 F.2d 1368, 1369 (5th Cir. 1971) (*per curiam*) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 815

2

To remove a case under section 1443(1), the petitioner must show both that (1) the right allegedly denied him arises under a federal law "providing for specific rights stated in terms of racial equality;" and (2) that he cannot enforce the specified federal right in state court. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel,* 384 U.S. 780 (1966)). The procedures for seeking removal of a state criminal prosecution are set out in 28 U.S.C. § 1446(c). The petitioner bears the burden of establishing his right to removal under section 1443. *State of Tex. v. Gulf Water Benefaction Co.,* 679 F.2d 85, 86-87 (5th Cir. 1982).

Even assuming a proper notice of removal within the requisite thirty-day period under section 1446(c), Petitioner fails to meet the two-prong test. His pleadings, liberally construed in light of his *pro se* status, fail to allege that he has been denied a federal right arising under a specific law or statute protecting racial equality. He asserts generally that the state court discriminated against him because of his race, and mentions the "Emancipation Proclamation of 1863" and the "Watertown Treaty." (Doc. 1 at 10 and 12; Doc. 6 Answer 5.) However, conclusory allegations of civil rights violations, absent an alleged statutory violation, are insufficient to remove an on-going state criminal prosecution to federal court. *See Gulf Water Benefaction Co.,* 679 F.2d at 86 (conclusory allegations of civil rights violations were insufficient to support removal of on-going state criminal prosecution); *Louisiana v. Nelson*, 2009 WL 3681980, *1-2 (M.D. La. 2009) (conclusory allegations of racial discrimination by state judges and prosecutors were insufficient to support removal).

---

(1966)). Thus, the Court will focus only on whether Petitioner can properly remove his state criminal action under subsection 1443(1).

Petitioner simply posits that because he is not being prosecuted in a federal court, justice cannot be served because he is Native American and black. (Doc. 1 at 12.) He also suggests that his state criminal prosecution violates his civil rights under 42 U.S.C. § 1983 and under the Fourth, Fifth, Sixth, and Eighth Amendments. (Doc. 1 at 9-11.) His conclusory allegations are insufficient to support removal of his criminal case under section 1443(1). As the Supreme Court concluded in *Johnson,* "it [is] not enough to support removal to allege that 'federal equal civil rights have been illegally and corruptly denied by state administrate officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.'" *Johnson,* 421 U.S. at 222 (quoting *City of Greenwood v. Peacock,* 384 U.S. 808, 827 (1966)). The Court also noted that "there are varied avenues of relief open to these defendants for vindication of any of their federal rights that may have been or will be violated." *Id.* at 228 (citing *Peacock,* 384 U.S. 828-830). Thus, Petitioner has failed to show that the right allegedly denied him arises under a federal law providing for specific rights stated in terms of racial equality, as required for removal under section 1443(1).

Moreover, it is clear that Petitioner cannot meet the second requirement for removal, that is, that he cannot enforce the specified federal right in state court. His pleadings do not refer to any state law that would restrict his ability to enforce his federal rights in the state court criminal proceedings. (Doc. 1 at 9-12; Doc. 6 Answer 5.) Accordingly, Petitioner cannot establish his right to removal under section 1443(1), and his request should be denied.

B. <u>Pretrial Habeas Relief</u>

To the extent Petitioner challenges the length or constitutionality of his confinement based on his inability to post the high pretrial bond, his claim is cognizable in a pretrial habeas

corpus proceeding. *See Keith v. Cotton*, 2009 WL 1288417, at * 1 (N.D .Tex. May 8, 2009) (No. 3:09-0199-M) (pretrial habeas corpus action challenging reasonableness of pre-trial bond). A request for pretrial habeas relief is properly brought under 28 U.S.C. § 2241(c), which applies to a person in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.[3] *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). To be eligible for pre-trial habeas relief, a petitioner must have been "in custody" at the time of filing the action, and must have exhausted his available state court remedies. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89, 503-04 (1973) (summarizing distinction between post-trial and pre-trial habeas relief and exhaustion of state remedies); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (despite the absence of an exhaustion requirement in section 2241, federal courts have "judicially crafted" the exhaustion doctrine "on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process").[4]

Here, while Petitioner satisfies the "in custody" requirement, he cannot meet the exhaustion component. The remedy available on a claim that bail is excessive is via a writ of habeas corpus filed in the state court in which the criminal case is pending. *Ex parte Tucker,* 977 S.W.2d 713, 715 (Tex. App. -- Fort Worth, 1998) (citing *Ex parte Gray,* 564 S.W.2d 713, 714

---

[3] Section 2241(c) states in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3) [h]e is in custody in violation of the constitution or laws or treaties of the United States."

[4] It is only in the post-trial setting that exhaustion is mandated by statute. *Compare* 28 U.S.C. § 2254(b) with 28 U.S.C. § 2241(c)(3).

(Tex. Crim. App. 1978) (proper method to challenge excessiveness of bail prior to trial is by application for writ of habeas corpus)). In the event of a denial, an appeal can be brought in the Texas Court of Criminal Appeals.

Petitioner has not exhausted his state court remedies. The state docket sheet in No. F10-56758 (available on the Dallas County's website) confirms Petitioner did not seek habeas corpus relief in the state trial court. Nor did Petitioner file any pleading or request in the Texas Court of Criminal Appeals. Accordingly, any claim for pre-trial habeas corpus relief should be dismissed without prejudice for failure to exhaust state court remedies. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[5]

### III. RECOMMENDATION

For the foregoing reasons, the District Court should **DENY** Petitioner's request to remove his state criminal prosecution under 28 U.S.C. § 1443(1), and **DISMISS** summarily his request for pretrial habeas relief under 28 U.S.C. § 2241(c).

SIGNED February 7, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court applies the habeas rules to this section 2241 petition in accordance with Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts (providing that courts have the discretion to apply the rules to habeas petitions other than those arising under section 2254).

**NOTICE**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE